IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES GRIGSON and ROBERT VALE, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS GROUP, INC., a Nevada Corporation,<br><br>Defendant. | Civil Action No.: 1:17cv88-LY |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

COME NOW, Plaintiffs Charles Grigson and Robert Vale ("Plaintiffs"), who file this Surreply in Opposition to Defendant Farmers Group, Inc.'s ("FGI") Motion to Dismiss (Dkt. No. 17). For the reasons stated herein, and in Plaintiffs' Omnibus Opposition to FGI's Motions to Dismiss and Stay (Dkt. No. 29), the Court should deny FGI's motions.

**I.   ARGUMENT**

In its reply papers filed in support of its Motion to Dismiss (Dkt. No. 32), FGI raised a new argument for the first time: that it has no duty to inform its customers of all potential alternative insurance policies. (*See* MTD Reply (Dkt. No. 32, at 1-4).) As discussed below, this is a classic "straw man" argument premised on a mischaracterization of Plaintiffs' claim. Plaintiffs' claim is not based on some general duty to disclose on FGI's or anyone else's part, as FGI incorrectly suggests.[1]  Rather, Plaintiffs challenge FGI's targeted discrimination against

---

[1] As recognized by FGI, most of the case law cited by FGI refers to whether there is a duty to disclose as between insurance agents and policyholders in the context of policyholder lawsuits

1

existing policyholders vis-à-vis new policyholders that are otherwise identically-situated. The authority that FGI cites in support of its new argument actually serves to highlight that Plaintiffs have pled a valid claim under Texas's anti-discrimination provision, Tex. Ins. Code § 544.052 ("Section 544.052").

### A. FGI's New Argument Attacks a Claim Plaintiffs Did Not Assert.

In advancing its new "duty to disclose" argument, FGI continues to mischaracterize Plaintiffs' claim in this case. Plaintiffs' claim is *not* premised on a general duty to disclose all potentially available insurance policies, as FGI suggests. Rather, Plaintiffs allege that FGI deliberately discriminated against Plaintiffs and the other existing policyholders by systematically, and as a matter of internal company policy, implementing a multi-faceted scheme that deliberately resulted in existing policyholders paying higher premiums than otherwise identically-situated new policyholders for the same coverages. The Complaint alleges in detail that FGI concocted an internal company policy whereby FGI systematically discriminated against existing policyholders, precluding them from the lower FSPA rates provided to all new customers. FGI instructed FGI personnel and Farmers agents to categorically conceal and direct the concealment of the lower FSPA rates *only* from existing policyholders (new customers were told about and received the FSPA rates), otherwise categorically precluded existing policyholders from the FSPA rates, and repeatedly threatened Farmers agents to prevent deviation from the discriminatory policy. (Compl. ¶¶ 32—57 (Dkt. No. 1).) But for FGI's internal policies – all designed to prevent existing policyholders from access to FSPA – the FSPA and its corresponding rates would have been available to existing policyholders. FGI's

---

against agents alleging common law breach of a fiduciary duty. (MTD Reply, at 2.) As discussed herein, Plaintiffs' Complaint and claim based upon Texas statutory law are vastly different.

2

new argument is directed at a claim that was not asserted in the Complaint,[2] and thus does nothing to support dismissal of this case.  In fact, as discussed below, the case law that FGI cites in support of its new argument serves to further highlight that FGI's motion to dismiss lacks merit.

### B. FGI's New Cited Case Law Further Highlights the Validity of Plaintiffs' Claim.

In support of its new argument, FGI cites a case from South Carolina, *Pitts v. Jackson National Life Insurance Co.*, 352 S.C. 319 (S.C. Ct. App. 2002).  (MTD Reply, at 3-4.)  *Pitts* is not only distinguishable from this case; it actually highlights that Plaintiffs here have stated a valid claim for discrimination under Section 544.052.

The plaintiff in *Pitts* did not allege any kind of discrimination at all, nor did he even bring a claim under the South Carolina anti-discrimination provision (S.C. Code Ann. § 38-55-50) that FGI contends is similar to Section 544.052.  Rather, the *Pitts* plaintiff asserted only common law claims and argued the South Carolina statute created an implied general duty to inform all applicants of all available policies at the time of enrollment, and that the defendant-insurer breached this duty by failing to inform him of all available life insurance policies when they enrolled.  352 S.C. at 341.

In rejecting this argument, the *Pitts* court first found that the South Carolina statute did not create a duty to disclose that would satisfy the elements of the plaintiff's common law claims. *Id.* at 342. In this case, Plaintiffs do not have to satisfy any common law elements (including, for example, a duty to disclose) because Plaintiffs assert no common law claims. Rather, Plaintiffs Complaint alleges a solo claim of discrimination under Section 544.052. Just because the scheme factually involved concealment does not mean that Plaintiffs must legally

---

[2] FGI cannot change Plaintiffs' claim by selectively and partially quoting from a brief and ignoring the allegations in Plaintiffs' Complaint.

3

prove a duty to disclose. Section 544.052 prohibits discriminatory schemes "in any manner" they are effectuated.

Additionally, the *Pitts* court held that plaintiffs there "presented no evidence of discrimination in contracting for insurance that would constitute a violation of this statute," because "[a]ll individuals were treated the same and received the policy they applied for if they qualified." *Id*.  In sharp contrast, Plaintiffs and the other existing policyholders comprising the putative class here were decidedly ***not*** "treated the same" as other policyholders.  Instead, FGI ***deliberately singled out*** existing policyholders, on a categorical basis, for discriminatory treatment.

Regardless of whether FGI had a general "duty to disclose" available rates to its customers, FGI's conduct, as alleged here, is actionable as unfair discrimination in violation of Section 544.052.

## II.     CONCLUSION

FGI's Motion to Dismiss and Motion to Stay (Dkt. Nos. 17-18) should be denied.

Dated: June 12, 2017               Respectfully submitted,

/s/ *John R. Davis*
Michael L. Slack (TX Bar 18476800)
John R. Davis (TX Bar 24099518)
Paula Knippa (TX Bar 24049103)
SLACK & DAVIS, LLP
2705 Bee Cave Road, Suite 220
Austin, TX 78746
Tel.: 512-795-8686
Fax: 512-795-8787
mslack@slackdavis.com
jdavis@slackdavis.com
pknippa@slackdavis.com

>Joe K. Longley (TX Bar 1254200)
>LAW OFFICES OF JOE K. LONGLEY
>3305 Northland Drive, Suite 500
>Austin, TX 78731
>Tel.: 512-477-4444
>Fax: 512-477-4470
>joe@joelongley.com
>
>Roger N. Heller (CA Bar 215348) (*pro hac vice*)
>Jonathan Selbin (NY Bar 3948684) (*pro hac vice*)
>Michelle A. Lamy (CA Bar 308174) (*pro hac vice*)
>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
>275 Battery Street, 29th Floor
>San Francisco, CA 94111
>Tel.: 415-956-1000
>Fax: 415-956-1008
>rheller@lchb.com
>jselbin@lchb.com
>mlamy@lchb.com
>
>*Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                               /s/ *John R. Davis*