IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES GRIGSON and ROBERT VALE, Individually and on behalf of all putative class members, § § § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. 1:17-cv-00088-LY |
| FARMERS GROUP, INC., a Nevada corporation, § § § § | |
| Defendant. § § § | |

**DEFENDANT'S SUR-SURREPLY IN SUPPORT OF MOTION TO DISMISS**

Realizing they have still failed to state a claim, Plaintiffs have changed their story yet again. In their Surreply (ECF No. 35-2), Plaintiffs now say they are neither challenging the rates, nor asserting that Farmers Group, Inc. ("FGI") concealed the existence of different policies or cheaper rates in violation of a "general duty" to disclose.[1] But just after they disavow that theory, they claim concealment of lower FSPA rates is the basis for their anti-discrimination claim. Surreply at 2 ("Plaintiffs' claim is not premised on a general duty to disclose all potentially available insurance policies . . . FGI instructed FGI personnel and Farmers agents to categorically conceal and direct the concealment of the lower FSPA rates . . . ."). Needless to say, actionable concealment requires a duty to disclose. Regardless of Plaintiffs' ever-shifting rationales, they have failed to state a claim.

*If this case is not about concealment*, then the filed rate doctrine is directly implicated, because the essence of Plaintiffs' claim is that they have been improperly charged a rate that was filed with and authorized by TDI.[2] Plaintiffs own Complaint makes this crystal-clear: they seek to certify a class of "*All* Farmers Texas auto policyholders who had an active FA2 . . . policy in effect on or after January 4, 2016," and award them "*any and all premium amounts that Plaintiffs and Class Members paid for their FA2 policies*, . . . *over and above the amounts they would have paid* . . . had their policies been renewed . . . *under FSPA*." Complaint (ECF No. 1) ¶¶ 94, 111 (emphases added). Irrespective of Plaintiffs' labeling their claim as an unprecedented concealment claim, this is a textbook challenge to a filed rate, and FGI already

---

[1] Of course, the issue is not whether a "general duty" exists, but whether a specific duty to disclose FSPA to FA2 customers exists. Plaintiffs cite *zero* authority creating such a duty.

[2] Even the contradictory Surreply concedes this, asserting Plaintiffs' claim is premised on "existing policyholders paying higher premiums" than FSPA customers. Surreply at 2. Plaintiffs' discovery also belies the claim that their lawsuit is not about rates, as their discovery requests seek an abundance of rating data, communications about rates, and rate filings. *See* First Requests for Production, Ex. A to FGI's Mot. to Temp. Stay Discovery (ECF No. 21-1).

explained in detail why it is therefore barred by the filed rate doctrine.  *See* Motion to Dismiss Reply (ECF No. 32) at 9.

*If this case is about concealment*, then Plaintiffs' claim rests on reading an implied duty into Section 544.052 to disclose lower rates under separate policies they contend (but have not pled) are identical.  Just as with their previous theories, **Plaintiffs cite no authority whatsoever on this point**, and no such duty appears in the text of the statute.  And, as Plaintiffs concede, there is no duty at common law or under any other Texas statute to disclose the existence of other policies or rates.  *See Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001); *see also* Motion to Dismiss Reply (ECF No. 32) at 2–3.  Not surprisingly, the sole case to consider the argument that a similar discrimination statute gives rise to such a duty, *Pitts v. Jackson Nat. Life Ins. Co.*, emphatically rejected it.  574 S.E.2d 502, 513 (S.C. Ct. App. 2002).[3]

Plaintiffs' disingenuously try to distinguish *Pitts* in their sur-reply by arguing "[t]he plaintiff in *Pitts* did not allege any kind of discrimination at all, nor did he even bring a claim under the South Carolina anti-discrimination provision."  Surreply at 3.  This ignores two crucial similarities with this case: the *Pitts* plaintiff (1) sought as damages the difference between the premium he paid for the policy he was issued, and the premium he would have paid under a different policy, had he known of its availability; and (2) contended the anti-discrimination statute "'demonstrate[d] that Jackson National's conduct is wrongful *and implies a duty to*

---

[3] Even if Section 544.052 gave rise to such a duty, that duty would not extend across *different* policies, for the reasons stated in FGI's prior briefing. Motion to Dismiss (ECF No. 17) at 8–13; Motion to Dismiss Reply (ECF No. 32) at 4–5.  Moreover, Plaintiffs' claim still amounts to an attack on a filed rate and is barred by the filed rate doctrine. *See, e.g.*, *Marcus v. AT&T Corp.*, 938 F. Supp. 1158, 1163–34, 1170–71 (S.D.N.Y. 1996) (holding filed rate doctrine barred concealment claims, where "plaintiffs' claims for damages, even absent a challenge to the reasonableness of AT&T's rates, offend the filed rate doctrine and therefore are barred"), *aff'd*, 138 F.3d 46 (2d Cir. 1998).

*disclose*.'"  *Pitts*, 574 S.E.2d at 513 (emphasis added).  That is precisely where Plaintiffs have landed in this case, and lacking any authority for their novel interpretation, their case fails.

Dated:  June 14, 2017

Respectfully submitted,

*/s/ Scott Incerto*

NORTON ROSE FULBRIGHT US LLP

   M. Scott Incerto
   Texas Bar No. 10388950
   scott.incerto@nortonrosefulbright.com
   Adam Schramek
   Texas bar No. 24033045
   adam.schramek@nortonrosefulbright.com
   James Hughes
   Texas Bar No. 24074453
   james.hughes@nortonrosefulbright.com
   William Patrick Courtney
   Texas Bar No. 24087351
   patrick.courtney@nortonrosefulbright.com

98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone:   (512) 474-5201
Facsimile:   (512) 536-4598

   Peter H. Mason (admitted *pro hac*)
   California Bar No. 71839
   peter.mason@nortonrosefulbright.com
   Cristina Longoria
   Texas Bar No. 24070165
   cristina.longoria@nortonrosefulbright.com

555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone:   (213) 892-9200
Facsimile:   (213 892-9494

ATTORNEYS FOR DEFENDANT
FARMERS GROUP, INC.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2017, a true and correct copy of the foregoing document was served on all counsel of record via the CM/ECF system.

                                        */s/ Scott Incerto*
                                        Scott Incerto