IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES GRIGSON AND ROBERT VALE, INDIVIDUALLY AND ON BEHALF OF ALL PUNATIVE CLASS MEMBERS,<br>　　　　　PLAINTIFFS,<br>V.<br><br>FARMERS GROUP, INC.,<br>　　　　　DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CAUSE NO. 1:17-CV-88-LY |

## ORDER ON REPORT AND RECOMMENDATION

Before the court are Defendant's Motion to Dismiss, filed on April 3, 2017 (Dkt. No. 17), Defendant's Opposed Motion to Stay, filed on April 3, 2017 (Dkt. No. 18), Plaintiffs' Omnibus Response, filed on May 17, 2017 (Dkt. No. 29), Defendant's Replies, filed on May 31, 2017 (Dkt. Nos. 31, 32), Defendant's Opposed Motion to Stay Discovery, filed on April 12, 2017 (Dkt. No. 21), Plaintiffs' Response, filed on April 19, 2017 (Dkt. No. 24), and Defendant's Reply, filed on April 24, 2017 (Dkt. No. 27). The motions and all related filings were referred to United States Magistrate Judge Andrew Austin for findings and recommendations (Dkt. No. 34). *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; Loc. R. W. D. Tex. Appx. C, R. 1(c). The magistrate judge rendered a Report and Recommendation of the United States Magistrate Judge recommending that this court deny Defendant's Motion to Dismiss and Defendant's Opposed Motion to Stay, and deny as moot Defendant's Motion to Temporarily Stay Discovery (Dkt. No. 48).

Under Title 28 of the United States Code, Section 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a party may serve and file specific, written objections to the proposed findings and recommendations of the magistrate judge within 14 days after being served with a

copy of the report and recommendation, and thereby secure a *de novo* review by the district court. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

On November 2, 2017, Farmers Group, Inc. ("Farmers") filed Defendant's Objection to Magistrate Judge Austin's Report and Recommendation Denying Defendant's Motion to Dismiss and Motion to Stay (Dkt. No. 49), and Defendant's Motion for Oral Hearing (Dkt. No. 50). On November 16, 2017, Grigson[1] filed Plaintiffs' Response to Defendant's Objections to Magistrate Judge Austin's Report and Recommendation (Dkt. No. 51), as well as Plaintiffs' Opposition to Defendant's Motion for Oral Hearing (Dkt No. 52). Farmers filed Defendant's Reply in Support of Objection to Magistrate Judge Austin's Report and Recommendations Denying Defendant's Motion to Dismiss and Motion to Stay on November 22, 2017 (Dkt. No. 53). In light of Farmers' objections, the court has undertaken a *de novo* review of the motions, responses, replies, objections, applicable law, and entire record in this case. *See* Fed. R. Civ. P. 72.

Plaintiffs Charles Grigson and Robert Vale brought this class action against Farmers alleging unfair insurance price discrimination in violation of Texas law. *See* TEX. INS. CODE ANN. § 544.052.[2] Farmers asserts two main bases for its motion to dismiss: (1) that the statute

---

[1] As the interest of Plaintiffs do not diverge, the court refers to them collectively as "Grigson," unless otherwise noted.

[2] A person may not in any manner engage in unfair discrimination or permit unfair discrimination between individuals of the same class and of essentially the same hazard, including unfair discrimination in:
    (1) the amount of premium, policy fees, or rates charged for a policy or contract of insurance;

2

relied on by the Grigson does not actually cover the alleged discrimination in this case; and (2) that Grigson's claim is barred by the filed-rate doctrine. In the alternative, Farmers seeks to stay the case, arguing that Texas Department of Insurance ("TDI") should have the first opportunity to adjudicate Grigson's claim under the primary-jurisdiction doctrine. Finally, Farmers requests a stay of discovery pending resolution of each of these motions.

Farmers contends that Grigson's claim should be dismissed because the discrimination alleged in the suit is not prohibited by the statute. Farmers asserts that the statute applies only to discrimination against individuals for rates charged for the *same* policy and Grigson's claim is that Farmers discriminated by charging different rates for *two different* policies. Farmers bases its argument on the language of the statute, arguing that the proper reading of the statute is that "a policy or contract of insurance" means "the same" policy or contract.

## A. Jurisdiction

At the threshold, the court must consider whether it has jurisdiction over this case. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also Union Planters Bank Nat'l. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte,* even on appeal.").

Grigson sued Farmers in federal court under the Class Action Fairness Act, which provides that "the district courts shall have original jurisdiction of any civil action" over a matter that meets the statutory elements of a class action. 28 U.S.C. § 1332(d)(2). The sole cause of

---

        (2) the benefits payable under a policy or contract of insurance; or
        (3) any of the terms or conditions of a policy or contract of insurance.

TEX. INS. CODE ANN. § 544.052.

3

action in their complaint, however, is one of Texas law. Grigson alleges a violation of Texas Insurance Code Section 544.052, which provides that "[a] person may not in any manner engage in unfair discrimination or permit unfair discrimination between individuals of the same class and of essentially the same hazard, including unfair discrimination in ... the amount of premium, policy fees, or rates charged for a policy or contract of insurance." TEX. INS. CODE ANN. § 544.052. Section 544.054 of the Texas Insurance Code states that "[a] person who has sustained economic damages as the result of a violation of Section 544.052 may maintain only in a Travis County district court an action against the person who violated that section." *Id.* § 544.054.

Grigson contends that venue is proper in federal court because "[t]his Court is a district court located in Travis County." This court is undeniably a district court located in Travis County, but it is not clear that this court is a "Travis County district court." The Travis County district court usually refers to the state district court—not a United States District Court—and it is unlikely that a state statute would or could direct jurisdiction to be vested in a federal court. Indeed, when one does a google search of "Travis County district court," all of the entries on the first search page relate to the state district court in Travis County. A natural reading Section 544.052 would lead to the conclusion that suit could only be maintained in a state court, and not in federal court.

The states have the power to "create and define substantive rights," but "[i]n determining jurisdiction, district courts of the United States must look to the sources of their power, Article III of the United States Constitution and Congressional statutory grants of jurisdiction, not to the acts of state legislatures." *Duchek v. Jacobi*, 646 F.2d 415, 419 (9th Cir. 1981). A state may not divest a federal court of jurisdiction conferred upon it by the Constitution or by Congress. *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1109 (3d Cir. 1995)

(Nygard, J, concurring in part and concurring in the judgment) ("It does not follow, however, that a *state* may by statutory or decisional law restrict the subject matter jurisdiction of the *federal* courts. It is axiomatic that, because federal subject matter jurisdiction can be conferred or withdrawn only by Congress, a federal court must look only to federal, not state, law to determine whether that jurisdiction exists, even when the substantive right at issue is a creature of state law.") (collecting cases). So too here. Section 522.054 does not preclude this court from exercising statutorily granted subject-matter jurisdiction under the Class Action Fairness Act. Rather, the question is more properly framed as whether a federal court should abstain from hearing the case, either because of mandatory abstention provisions in the Class Action Fairness Act[3] or doctrines such as the filed-rate doctrine and primary-jurisdiction doctrine, the latter of which form the basis of Defendant's motion to dismiss. The court concludes it has original subject-matter jurisdiction over Grigson's claim under the Class Action Fairness Act. 28 U.S.C. 1332(d)(2).

**B. Objections**

Farmers objects to the report and recommendation of the magistrate judge, arguing it erroneously concludes (1) that the filed-rate doctrine does not require dismissal, (2) that this case should not be stayed under the primary-jurisdiction doctrine, and (3) that Grigson states a viable claim under Texas law.

---

[3] Under the Class Action Fairness Act, federal courts must "decline jurisdiction over a proposed class action if either of the following narrow exceptions is proven by a preponderance of the evidence: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); or (2) the home state exception, 28 U.S.C. § 1332(d)(4)(B)." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569–70 (5th Cir. 2011) (per curiam). These "mandatory abstention provisions are 'designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state.'" *Id.* (citing *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006)). Farmers has not invoked either of these exceptions.

5

### 1. Filed-rate doctrine

In its motion to dismiss, Farmers asserts that Grigson's claim is barred by the filed-rate doctrine, which would prevent a plaintiff from attacking a rate approved by a regulatory body for being too high, unfair, or unlawful. The purpose of this doctrine is to prevent courts from interfering with the rate-making process, a function that should be reserved for the state agency with regulatory authority. The doctrine looks to whether the claims "implicate the reasonableness of the filed rates" or would require "retroactive alteration of the filed rate." *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647, 652 (E.D. Tex. 1999).

The magistrate judge rejected Farmers' argument and concluded that Grigson's claims were not barred by the filed-rate doctrine. The magistrate judge found and concluded that,

> Plaintiffs do not challenge any element of the filed rate. They do not argue that any element of the rate is unfairly discriminatory; nor do they argue that the rate itself is unfairly discriminatory. Rather, they argue that they should have been given access to a different policy and thus a different rate, and that farmers discriminated against them in denying them access to that rate. . . . Here, the [c]ourt would merely be determining whether farmers unfairly discriminated against the Plaintiffs in not offering the second—allegedly lower—filed rate. Nothing in the relief the [c]ourt would award if it found that claim meritorious would require any review of TDI's ratemaking or review of either policy's rate.

Farmers objects to the report's characterization of the extent to which a decision by this court in favor of Grigson would interfere with the rate-making process. Farmers believes that such a result would undermine TDI's regulatory framework and would challenge TDI's decision that the contested policies are reasonable and non-discriminatory. Farmers makes a strong statutory case that TDI is statutorily obligated to consider whether a rate is reasonable or discriminatory in the rate-approval process and must disapprove of a rate that is unreasonable or unfairly discriminatory. But this argument is not enough to convince the court that Grigson's claim is barred by the filed-rate doctrine.

Grigson does not challenge TDI's decision to approve the rate or its determination that the contested rates are reasonable. Grigson instead challenges Farmers' *internal* policy of precluding policyholders for the same or materially the same coverages—a harm, if true, that would violate section 544.052. Moreover, Grigson asserts that Farmers falsely implied to TDI that one of the contested policies would be available to all policy holders. Texas law specifically provides for a right of action when insurers engage in discrimination of the sort alleged by Grigson. This court concludes that this suit is not barred by the filed-rate doctrine for substantially the same reasons as the magistrate judge.

### 2. Primary-Jurisdiction Doctrine

In its motion to dismiss, Farmers also asserts that the suit should be stayed pursuant to the primary-jurisdiction doctrine. This doctrine "allocate[s] power between courts and agencies when both have authority to make initial determinations in a dispute." *In re Sw. Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007). Under this doctrine,

> [T]rial courts should defer to appropriate administrative agencies when (1) the agency is staffed with experts trained in handling complex problems within the agency's purview, and (2) great benefit is derived from the agency's uniform interpretation of laws within its purview and the agency's rules and regulations when courts and juries might reach differing results under similar fact situations.

*Id.* Farmers argues that the court should stay the case under the primary-jurisdiction doctrine because Grigson's claim would require resolution of complex issues better suited for the experts at TDI because this court would have to determine whether the contested policies offer the same coverage and whether the differences in rates are actuarially sound. Such questions, they say, require the expertise of the TDI.

The magistrate judge concluded that Grigson's claims did not require interpretation of a complex administrative scheme, but instead focused on a simpler question of whether Farmers

internal policy discriminated against a class of its insureds. The court agrees with the framing and conclusion of the magistrate judge, and also notes that the court may determine whether this dispute should be adjudicated by TDI at a later date when the record is more fully developed. For substantially the same reasons as the magistrate judge, this court concludes that the case should not be stayed under the primary-jurisdiction doctrine.

### 3. Actionable Discrimination Claim

Finally, Farmers asserts that the report and recommendation erroneously concluded that the Complaint states an actionable claim. Farmers contends that Grigson's Complaint is not facially plausible because it does not specifically plead facts to show that the contested insurance policies are the same; nor does Grigson produce the contested policies in full. Though Grigson does not have access to the full text of the policies, the Complaint does other sufficient allegations that the insurance policies were materially the same, yet offered at vastly different prices. For example, the Complaint points to a sample analysis of 100,000 relevant Texas auto policies that evidence a disparity in pricing. The Complaint also alleges that there were caps on the number of the contested policies available to each customer based on profit maximization, not because the policies offered materially different coverage. The court concludes that the Complaint pleads sufficient facts to show that the two coverages were materially similar in coverage but vastly different in price.

**IT IS THEREFORE ORDERED** that the objections contained in Defendant's Objection to Magistrate Judge Austin's Report and Recommendation Denying Defendant's Motion to Dismiss and Motion to Stay (Dkt. No. 49) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Dkt. No. 48) is **ACCEPTED AND ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Opposed Motion to Stay (Dkt. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Temporarily Stay Discovery (Dkt. No. 21) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion for Oral Hearing (Dkt. No. 50) is **DENIED**.

**IT IS FINALLY ORDERED** that the parties are to submit to the court a Proposed Agreed Scheduling Order, in accordance with Federal Rule of Civil Procedure 26(f), that follows the form scheduling order of this court located on the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Forms" tab, "Civil," "Austin Division," "Proposed Scheduling Order for Judge Yeakel," **on or before February 9, 2018.**

SIGNED this 19th day of January, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE