IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES GRIGSON, LISA HOING, and DAVID KELLY, Individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS GROUP, INC.,<br>a Nevada corporation,<br><br>Defendant. | § § § § § § § § § § § § § § § | Civil Action No. 1:17-cv-00088-LY |

**DEFENDANT'S ANSWER TO
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

NOW COMES Defendant Farmers Group, Inc. ("FGI" or "Defendant"), and files this its Answer to Plaintiff's First Amended Class Action Complaint, and respectfully shows the Court as follows:

# I. ANSWER

## I. INTRODUCTION[1]

1. Paragraph 1 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to assert a statutory claim in their First Amended Class Action Complaint against Defendant. Except as is expressly stated herein, Defendant denies the allegations of Paragraph 1 and specifically denies that it engaged in any wrongdoing.

---

[1] The headings used in Plaintiffs' First Amended Complaint are restated herein for ease of reference. The headings themselves do not require responses, but to the extent any response is needed, each is denied. The following numbered paragraphs respond to the numbered paragraphs of the First Amended Complaint.

2. Defendant admits that FSPA was introduced in Texas in 2016, but denies the remaining allegations of Paragraph 2.

3. Denied.

4. Denied.

5. Defendant admits that FA2 rates (with the approval of TDI) were increased in December 2015, but denies the remaining allegations of Paragraph 5.

6. Denied.

7. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

8. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

9. Denied.

10. Denied.

11. This paragraph contains requests for relief to which no response is required. To the extent a response is required, Defendant denies that any Plaintiff or putative class member is entitled any relief for the claims asserted herein.

## II. PARTIES

12. Defendant admits that Plaintiff Grigson was insured by Farmers Texas County Mutual Insurance Company, and admits that Plaintiff Grigson maintains an address in Travis County, Texas, but is without knowledge or information sufficient to form a belief as to whether he is a "resident" of that county, which further is a legal conclusion that does not require a response. The remainder of Paragraph 12 is denied.

13. Defendant admits that Plaintiff Hoing was insured by Farmers Texas County Mutual Insurance Company, and admits that Plaintiff Hoing maintains an address in Williamson

County, Texas, but is without knowledge or information sufficient to form a belief as to whether she is a "resident" of that county, which further is a legal conclusion that does not require a response. The remainder of Paragraph 13 is denied.

14. Defendant admits that Plaintiff Kelly was insured by Farmers Texas County Mutual Insurance Company, and admits that Plaintiff Kelly maintains an address in Guadalupe County, Texas, but is without knowledge or information sufficient to form a belief as to whether he is a "resident" of that county, which further is a legal conclusion that does not require a response. The remainder of Paragraph 14 is denied.

15. Defendant admits that it is a Nevada corporation, with its principal place of business in Woodland Hills, California, and that Corporation Service Company is its registered agent, but denies the remaining allegations of Paragraph 15.

16. Defendant admits that it performs all of the functions, services and duties necessary to conduct the insurance business of Farmers Texas except loss adjustment services. Defendant denies the remaining allegations of paragraph 16.

### III. JURISDICTION AND VENUE

17. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant admits that the First Amended Complaint purports to assert claims on behalf of a putative class that exceed $5 million in the aggregate, exclusive of interest and costs, and that at least one member of the putative class is a resident of a different state than Defendant. To the extent any further response is required, Defendant denies the allegations in Paragraph 17.

18. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 18.

19. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 19.

## IV. FACTUAL ALLEGATIONS

20. Admitted.

21. Defendant admits that at the time it made its 2015 annual statement, Mr. Myhan was Vice President and Treasurer of Farmers Texas, Mr. Hohl was Secretary of Farmers Texas, Mr. Swope was President of Farmers Texas and served as the Head of Texas, and Mr. Hohl and Mr. Swope were employed by FGI. Defendant further admits that these individuals signed Farmers Texas's 2015 Annual Statement in Los Angeles, California, and that FGI was headquartered there at the time of signing. The remaining allegations of paragraph 21 are denied.

22. Defendant admits that it performs all of the functions, services and duties necessary to conduct the insurance business of Farmers Texas except loss adjustment services. It further admits that Farmers Texas reinsures one hundred percent (100%) of its business with Farmers Insurance Exchange ("FIE"), meaning FIE bears the risk of loss. The remaining allegations in paragraph 22 are denied.

23. Defendant admits that it performs all of the functions, services and duties necessary to conduct the insurance business of Farmers Texas except loss adjustment services. It further admits that it is the attorney-in-fact for FIE. The remaining allegations in paragraph 23 are denied.

24. Admitted.

25. Defendant admits that Farmers Texas policyholders are provided proxy designations to appoint the President of Farmers Texas. The remaining allegations in paragraph 25 are denied.

26. Defendant admits that it performs all of the functions, services and duties necessary to conduct the insurance business of Farmers Texas except loss adjustment services. The remaining allegations in paragraph 26 are denied.

27. Defendant admits that it performs all of the functions, services and duties necessary to conduct the insurance business of Farmers Texas except loss adjustment services. Defendant further admits that it receives fees for its services, calculated as a percentage of premium. It further admits that a corporate litigation supervisor was deposed as a corporate representative in August 2016. The remaining allegations in paragraph 27 are denied.

28. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 28.

29. Defendant has not been able to locate the TDI statistics referenced, and the information it did locate is ambiguous. Accordingly, Defendant denies the allegations in Paragraph 29.

30. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31. Denied.

32. Defendant admits that FSPA was offered by Farmers Texas as a new product in Texas beginning on January 4, 2016, but denies the remaining allegations of Paragraph 32.

33. Denied.

34. Defendant admits that FA2 rates were increased in December 2015, but denies the remaining allegations of Paragraph 34.

35. Denied.

36. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

37. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

38. Admitted, with the clarification that twelve (12) month policies also exist.

39. Denied.

40. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

41. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant admits that the Farmers Smart Plan Auto Guide contains the quoted statements (which are excerpted out of context in the Complaint) but otherwise denies the allegations in Paragraph 41.

42. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the alleged email referred to, and Defendant otherwise denies the allegations in Paragraph 42.

43. Admitted.

44. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

45. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

46. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

47. Denied.

48. Denied.

49. Defendant admits that the quoted statement appears in the Winter 2015-2016 issue of the Voice, but otherwise denies the allegations in Paragraph 49.

50. Admitted.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendant admits that FA2 policyholders who want to purchase an FSPA policy from Farmer Texas are supposed to execute a "Policyholder Cancellation and Rewrite Agreement." The remainder of the allegations are denied.

57. Defendant admits that anyone who purchases for the first time a Farmers Texas FSPA policy is charged a "new business policy fee," otherwise, denied.

58. Defendant admits that persons who cancel their FA2 polices and purchase FSPA policies are no longer subject to any of the terms and conditions of their FA2 policies. The remainder of the allegations are denied.

59. Defendant admits that the selected quotes (some of which contain ellipses for omitted

language) are from the referenced documents. The remainder of the allegations are denied.

60. Defendant admits that FA2 insureds must cancel their FA2 coverage in order to obtain FSPA coverage, but otherwise denies the allegations in Paragraph 60.

61. Defendant admits that FA2 rates were increased in 2016 and 2017 as reflected in its TDI filings, but otherwise denies the allegations in Paragraph 61.

62. Denied.

63. Denied.

64. Denied.

65. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 65.

66. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 66.

67. Defendant admits the first sentence of Paragraph 64, but otherwise denies the remaining allegations in Paragraph 67.

68. Denied.

## V. PLAINTIFFS' INDIVIDUAL FACTS

69. Defendant admits that Plaintiff Grigson is a Farmers Texas auto policyholder, but is without knowledge or information sufficient to form a belief as to the truth or falsity of how long he has been a Farmers Texas auto policyholder.

70. Admitted that Mr. Grigson had two FA2 polices (policy numbers 04501-30-31 and 04448-78-26) as of January 4, 2016. The remaining allegations are denied.

71. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant is without knowledge or information sufficient to

form a belief as to the truth or falsity of what Plaintiff Grigson was or was not advised or made aware of. The remaining allegations are denied.

72. Defendant admits that Plaintiff Grigson received renewal offer letters for the amounts listed that contained the quoted language, but denies the remainder of paragraph 72.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76. Defendant denies that Plaintiff Grigson was provided any quote for "identical coverages." With respect to the details of any meeting with Ms. Adam, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations. Any remaining allegations are denied.

77. Defendant denies Plaintiff Grigson could have received materially identical coverage. With respect to what premium Plaintiff Grigson would have been charged for an FSPA policy on January 4, 2016, Defendant is without knowledge or information sufficient to form a belief as to such information. Any remaining allegations are denied.

78. Defendant denies communicating any information to Plaintiff Grigson. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79.

80. Defendant admits that Plaintiff Grigson applied, was approved for, and purchased an FSPA policy from Farmers Texas, and signed a Policyholder Cancellation and Rewrite Agreement on or about June 2, 2016. Any remaining allegations are denied.

81. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 81.

82. Defendant admits that Plaintiff Hoing is a Farmers Texas auto policyholder, but is without knowledge or information sufficient to form a belief as to the truth or falsity of how long she has been a Farmers Texas auto policyholder.

83. Admitted that Ms. Hoing had an FA2 policy (policy number 04572-73-04). The remaining allegations are denied.

84. Defendant admits that Plaintiff Hoing's FA2 policy was subject to renewal or expiration on or about May 30, 2016, and that it was subject to renewal or expiration four times since then. The remaining allegations are denied.

85. Defendant admits that Plaintiff Hoing did not apply to purchase an FSPA policy from Farmers Texas at the time of her FA2 policy renewal. Defendant denies the remaining allegations in Paragraph 85.

86. Defendant is without knowledge or information sufficient to form a belief as to what premium Plaintiff Hoing would have been charged for an FSPA policy on either of the referenced dates. Any remaining allegations are denied.

87. This paragraph contains legal conclusions that do not require a response. With respect to Plaintiff Hoing's knowledge of FSPA, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of such information. Any remaining allegations in Paragraph 87 are denied.

88. Defendant admits that the quoted language was in the renewal offer Plaintiff Hoing received. Any remaining allegations are denied.

89. Defendant denies Plaintiff Hoing could have received materially identical coverage. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 89.

90. Defendant denies Plaintiff Hoing could have received materially identical coverage. With respect to what Plaintiff Hoing's premium would have been under FSPA at any point in time in 2016, Defendant is without knowledge or information sufficient to form a belief as to such amount. Any remaining allegations are denied

91. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 91.

92. Defendant admits that Plaintiff Kelly is a Farmers Texas auto policyholder, but is without knowledge or information sufficient to form a belief as to the truth or falsity of how long he has been a Farmers Texas auto policyholder.

93. Admitted that Mr. Kelly had an FA2 policy (policy number 04432-03-16) as of January 4, 2016. The remaining allegations are denied.

94. Defendant admits that the quoted language was in the renewal offers Plaintiff Kelly received, but clarifies that the second quote is incomplete, and should read "in recognition of your excellent claims history and continued business with Farmers." Any remaining allegations are denied.

95. Defendant admits that Plaintiff Kelly's FA2 policy was renewed during the January 2016-November 2017 time period, and the renewal offer letters for that time period included the range of amounts listed, but denies the remainder of paragraph 72.

96. Defendant denies that Plaintiff Vale received a quote for identical coverage. With respect to what occurred at his meeting with Mr. Woods, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations in Paragraph 96.

97. Defendant denies Plaintiff Kelly could have received materially identical coverage. With respect to what premium Plaintiff Kelly would have been charged for an FSPA policy on or after January 4, 2016, Defendant is without knowledge or information sufficient to form a belief as to such information. Any remaining allegations are denied.

98. Defendant denies communicating any information to Plaintiff Kelly. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98.

99. Defendant admits that Plaintiff Kelly applied, was approved for, and purchased an FSPA policy from Farmers Texas on or about November 28, 2017, and signed a Policyholder Cancellation and Rewrite Agreement on or about November 28, 2017. The remaining allegations are denied.

100. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 100.

### VI. CLASS ACTION ALLEGATIONS

101. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant admits that Plaintiffs purport to bring an individual and class action, and denies the remaining allegations in Paragraph 101.

102. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant admits that Plaintiffs purport to bring an individual and class action, and denies the remaining allegations in Paragraph 102.

103. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, denied.

104. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 104.

105. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 105.

106. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 106.

107. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 107.

108. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 108.

109. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 109.

110. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 110.

## SOLO CAUSE OF ACTION

### VIOLATION OF TEXAS INSURANCE CODE § 544.052
### (INDIVIDUALLY AND ON BEHALF OF THE CLASS)

111. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

112. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant admits that Section 544.052 contains the language quoted in Paragraph 112.

113. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant admits that Section 544.054 contains the language quoted in Paragraph 113.

114. This paragraph contains legal conclusions that do not require a response.

115. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 115.

116. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 116.

117. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 117.

118. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 118.

119. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 119.

120. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 120.

121. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant admits that it has counsel, but otherwise denies the allegations in Paragraph 121.

122. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 122.

123. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendant denies the allegations in Paragraph 123.

## JURY DEMAND

This paragraph of the First Amended Complaint contains no allegation and therefore requires to response.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief and the subparagraphs thereunder are requests for relief to which no response is required. To the extent a response is required, Defendant denies that any Plaintiff or putative class member is entitled to any relief for the claims asserted herein.

## II. AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Further by answering, and by way of affirmative defenses and additional defenses, and without conceded as to any of these that Defendant bears the burden of proof, Defendant states as follows:

A. The District Court for the Western District of Texas should abstain from exerting subject matter jurisdiction over this case.

B. Defendant's actions were actuarially sound and non-discriminatory.

C. Defendant is not a proper defendant from which to obtain the relief sought, either by the named plaintiffs or putative class members.

D. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

E. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exercise reasonable diligence and failed to mitigate their alleged damages.

F. Plaintiffs' claims are barred because they have failed to exhaust administrative remedies under the laws and regulations of the State of Texas.

G. Plaintiffs' claims are barred by the filed rate doctrine.

H. Plaintiffs' claims are barred by the primary jurisdiction doctrine.

I. Plaintiffs lack standing.

J. Plaintiffs have failed to join necessary parties.

K. To the extent Plaintiffs' First Amended Complaint purports to assert a class action, some or all of the claims of the putative members of the proposed class are barred in whole or in part by the affirmative defenses asserted in the foregoing subparagraphs.

Defendant reserves the right to amend this Answer, including to assert additional defenses that may become known through discovery.

WHEREFORE, Defendant Farmers Group, Inc. respectfully submits this its Amended Answer and prays that Plaintiffs take nothing by their suit, that FGI be allowed to recover the costs which have been incurred by reason of the charges and allegations against it by Plaintiffs, and that the Court grant FGI such other and further relief, both at law and in equity, both general and specific, to which FGI may show itself justly entitled.

Dated: November 19, 2018

Respectfully submitted,

*/s/ M. Scott Incerto*

NORTON ROSE FULBRIGHT US LLP

M. Scott Incerto
Texas Bar No. 10388950
scott.incerto@nortonrosefulbright.com
Adam Schramek
Texas bar No. 24033045
adam.schramek@nortonrosefulbright.com
James Hughes
Texas Bar No. 24074453

    james.hughes@nortonrosefulbright.com
William Patrick Courtney
Texas Bar No. 24087351
    patrick.courtney@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

    Peter H. Mason (admitted *pro hac*)
California Bar No. 71839
    peter.mason@nortonrosefulbright.com
Cristina Longoria (admitted *pro hac*)
Texas Bar No. 24070165
    cristina.longoria@nortonrosefulbright.com
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213 892-9494

**ATTORNEYS FOR DEFENDANT FARMERS GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail.

    */s/ M. Scott Incerto*
    M. Scott Incerto