FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2019 DEC 16 PM 4:42

| | |
|---|---|
| CHARLES GRIGSON, LISA HOING, and DAVID KELLY, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS GROUP, INC., a Nevada corporation,<br><br>Defendant. | Civil Action No. 1:17-cv-00088-LY |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT
## AND DIRECTION OF NOTICE UNDER RULE 23(E)

Before the Court is the Class Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Direction of Notice under Rule 23(e) (the "Motion").

WHEREAS, in the above-styled case (the "Class Lawsuit"), Plaintiffs Charles Grigson, Lisa Hoing, and David Kelly (collectively, "Class Plaintiffs") and Farmers Group, Inc. ("Farmers") (all together, the "Parties") have entered into a Settlement Agreement dated December 10, 2019 (the "Settlement");

WHEREAS, the Settlement, including the exhibits thereto, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Class Lawsuit, as a class action under Federal Rule Civil Procedure 23 ("Rule 23");

NOW, after review and consideration of the Settlement, the Motion, all supporting papers filed with the Court, and all argument regarding the Motion, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Order Granting Preliminary Approval of Class Action Settlement and Direction of Notice Under Rule 23(e) (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Settlement, and all terms defined therein shall have the same meaning in this Preliminary Approval Order as set forth therein. The Settlement, which was submitted with the Motion and is on file at Dkt No. ___, is incorporated herein by reference.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d), and has personal jurisdiction over the Parties. Venue is proper in this District.

3. The Court hereby preliminarily approves the Settlement and the terms embodied therein pursuant to Rule 23(e)(1). The Court preliminarily finds that the Court will likely be able to approve the proposed Settlement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate as to all Settlement Class Members under the relevant considerations. The Court preliminarily finds that the Class Plaintiffs and Class Counsel have adequately represented the Settlement Class. The Court further finds that the proposed Settlement was reached as a result of intensive, non-collusive, arms-length negotiations in a long series of mediations conducted by Deborah Hankinson, formerly a Justice on the Supreme Court of Texas. The Settlement was also reached after multiple years of litigation and following extensive discovery, expert, and motions practice. The Court preliminarily finds that the relief proposed to be provided for the Settlement Class Members is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the range of possible recovery; (iii) the probability of plaintiffs' success on the merits; (iv) the proposed method of distributing relief to the Settlement Class, which, under the Settlement, would occur via automatic distribution (automatic account credits and mailed checks) without the need for Settlement Class Members to

submit claims; and (v) the terms of the proposed award of attorneys' fees and expenses, which, under the Settlement, will be paid by Farmers separate from, and not out of, the funds to be distributed to Settlement Class Members. Finally, the Court preliminarily finds that the proposed Settlement treats Settlement Class Members equitably relative to each other.

4.  The Court hereby preliminarily certifies, for purposes of effectuating this Settlement only, a class, pursuant to Rule 23(a) and Rule 23(b)(3), consisting of: All persons insured under an active Farmers Auto 2.0 ("FA2") insurance policy with Farmers Texas County Mutual Insurance Company ("Farmers Texas") in effect on or after January 4, 2016 (collectively, the "Settlement Class" or "Settlement Class Members"). Settlement Class Members include, to the extent they are otherwise within the scope of this Settlement Class definition, Farmers Texas insurance agents who offered, sold or renewed FA2 or Farmers Smart Plan Auto policies, as well as their employees. Excluded from the Settlement Class are the following: (a) any Judge or Magistrate presiding over this Class Lawsuit, and members of their families; (b) Farmers and affiliated entities and their respective officers and directors; (c) Farmers Texas and affiliated entities and their respective officers and directors; and (d) Farmers' legal representatives, assigns and successors. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the procedures provided in the Settlement (which procedures will also be set forth in the Class Notice).

5.  The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)—namely, that for settlement purposes, (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) the Class Plaintiffs' claims are typical of those of the Settlement Class Members; (4) the Class Plaintiffs and Class Counsel have adequately represented, and will

continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance requirement of Rule 23(b)(3).

6. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

7. The Court appoints Class Plaintiffs Charles Grigson, Lisa Hoing, and David Kelly as class representatives for the Settlement Class.

8. The Court appoints the following attorneys as Class Counsel for the Settlement Class: Michael L. Slack and John R. Davis of Slack Davis Sanger, LLP; Joe K. Longley of Law Offices of Joe K. Longley; and Roger N. Heller and Jonathan Selbin of Lieff Cabraser Heimann & Bernstein LLP.

9. Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement or such other acts that are reasonably necessary to consummate the proposed settlement set forth in the Settlement.

10. The Court hereby appoints Rust Consulting to serve as Settlement Administrator and directs Rust Consulting to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement and herein.

Notice Plan

11. Pursuant to Rule 23(e)(1) and Rule 23(c)(2)(B), the Court approves the proposed Notice Plan set forth at Section V of the Settlement, including the form and content of the proposed Class Notice attached as Exhibit "A" to the Settlement. The Court finds that the proposed Notice Plan meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Notice Plan, which includes individual notice to Settlement Class

Members, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the Class Notice is adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Class Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Class Lawsuit; (ii) the definition of the Settlement Class; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

12. The Court directs the Settlement Administrator and the Parties to implement the Notice Plan as set forth in the Settlement.

13. <u>Mailed Notice</u>: Within seven (7) days after entry of this Preliminary Approval Order, Farmers shall provide the Settlement Administrator with a "Settlement Class List" including the information described in the Settlement. By no later than forty-five (45) days after entry of this Preliminary Approval Order (hereinafter the "Notice Date"), the Settlement Administrator shall send the Class Notice to each Settlement Class Member using first class U.S. mail. With respect to Settlement Class Members who are current Farmers Texas customers as indicated on the Settlement Class List, the Settlement Administrator shall use the address provided in the Settlement Class List for purposes of mailing the Class Notice. With respect to Settlement Class Members who are no longer customers of Farmers Texas as indicated in the Settlement Class List, the Settlement Administrator shall update the addresses provided in the

Settlement Class List using the U.S. Postal Service National Change of Address database, for purposes of mailing the Class Notice. If any Class Notice is returned to the Settlement Administrator as undeliverable, but contains a forwarding address, the Settlement Administrator shall re-send the Class Notice by first class U.S. mail to the new address provided. If any Class Notice is returned as undeliverable without a forwarding address, the Settlement Administrator shall perform a search for a more current address for the Settlement Class Member, as described in the Settlement. If a more current name and/or address can be found through such a search, the Settlement Administrator shall re-send the Class Notice by first class U.S. mail to the new address identified. After following the above-outlined process, the Settlement Administrator shall log any Class Notices that remain undeliverable and provide copies of the log to counsel for the Parties.

14.     <u>Settlement Website</u>: The Settlement Administrator shall establish a settlement website at www.farmerstexassettlement.com that shall be made available for public access beginning no later than the Notice Date and that shall provide relevant case dates and deadlines and make available for public access: the Class Notice, the First Amended Complaint, the Preliminary Approval Order, Class Counsel's application for attorneys' fees, expenses and service awards (after it is filed), the Final Approval Order once it is entered by the Court; any other orders entered by the Court related to the Settlement; and any additional information and/or materials the Parties may mutually agree to include. The settlement website shall remain operational until at least one year after the initial mailing of settlement payment checks or such other later date as the Parties may agree. The settlement website shall be optimized for mobile device use.

15.     No later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall file (or provide to Class Counsel for filing) a declaration confirming that the

Notice Plan has been implemented and providing a final list of persons who submitted timely and valid Exclusion Requests.

Objection and Opt-Out Procedures

16. Settlement Class Members do not need to take any action in order to participate in the Settlement and the distribution of benefits under the Settlement. Any Settlement Class Member may be excluded from the Settlement by submitting to the Settlement Administrator a written Exclusion Request, mailed or otherwise delivered to the Settlement Administrator at the address provided in the Class Notice, postmarked no later than sixty (60) calendar days following the Notice Date ("Opt-Out Deadline"). To be valid, an Exclusion Request must be signed and must state: (i) the name, address, and telephone number of the person requesting exclusion; and (ii) that the person wishes to be excluded from the Settlement Class in the Class Lawsuit. All persons who submit valid and timely Exclusion Requests in the manner set forth in this paragraph: (i) shall have no rights under the Settlement, (ii) shall not share in the distribution of benefits under the Settlement, and (iii) shall have no right to object to the Settlement. A timely and valid Exclusion Request by a Named Insured will apply to all FA2 policies on which such Settlement Class Member is a Named Insured. A timely and valid Exclusion Request by one Named Insured on a policy shall bind any other Named Insured on that policy for that policy.

17. The Settlement Administrator shall maintain copies of all Exclusion Requests and a list of persons who have submitted Exclusion Requests and shall provide such list and copies to the Parties on a regular basis.

18. All persons in the Settlement Class definition who do not submit timely and valid Exclusion Requests as provided herein shall be subject to and legally bound by the provisions of

the Settlement and the Order and Final Judgment, including the full and forever release, acquittal, and discharge of all Released Claims, as defined in the Settlement.

19. Any Settlement Class Member who does not submit a timely and valid Exclusion Request may object to the Settlement and/or to Class Counsel's application for attorneys' fees, expenses and service awards. A potential Settlement Class Member who files a timely and valid Exclusion Request shall not be entitled to submit an objection.

20. To be considered, an objection must be in writing, must be filed with or mailed to the Court, and mailed to the Settlement Administrator at the addresses listed in the Class Notice, postmarked/filed no later than sixty (60) days after the Notice Date (the "Objection Deadline"), and must include the following: (i) the case caption; (ii) the name, address, telephone number, and signature of the person objecting; (iii) a statement whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and (iv) a statement of the grounds for his or her objection.

21. Settlement Class Members who do not submit and serve timely written objections in accordance with the procedures set forth in this Preliminary Approval Order will have waived any objections to the Settlement and be forever foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed Settlement, any award of attorneys' fees, and expenses, or any service awards.

Fairness Hearing

22. A hearing (the "Fairness Hearing") is hereby scheduled to be held before the Court at 9:30 a.m. on May 21, 2020, at the courthouse for the United States District Court for the Western District of Texas, at 501 West 5th Street, Suite 7300, Austin, TX 78701, Courtroom 7, for the following purposes:

    a. to determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class;

    b. to determine whether judgment should be entered pursuant to the Settlement, dismissing the Class Lawsuit with prejudice and fully and irrevocably releasing all Released Claims;

    c. to determine whether the Settlement Class should be finally certified;

    d. to rule on Class Counsel's application for attorneys' fees, expenses and service awards; and

    e. to rule on such other matters as the Court may deem appropriate.

23. By no later than fifteen (15) days after the Notice Date, Class Plaintiffs and Class Counsel shall file their: (a) motion for final approval of the Settlement; and (b) application for attorneys' fees, expenses and service awards. Promptly after they are filed, these documents shall be posted on the Settlement Website.

24. By no later than fourteen (14) days before the Fairness Hearing, the Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or Class Counsel's application for attorneys' fees, expenses and service awards.

25. The Court may, in its discretion, modify the date and/or time of the Fairness Hearing. In the event the Court changes the date and/or time of the Fairness Hearing, the new date and time shall be posted on the settlement website.

26. If this Settlement, including any amendment made in accordance with the Settlement, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be

terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with the Class Notice and administration provided for by this Preliminary Approval Order and set forth in the Settlement, and (ii) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

27. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, including matters relating to Class Counsel's application for attorneys' fees, expenses and service awards, all proceedings in the Class Lawsuit are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be finally approved, Class Plaintiffs and all Settlement Class Members are barred and enjoined from commencing or prosecuting any action against the Released Parties insofar as such action asserts Released Claims as defined in the Settlement.

28. The Preliminary Approval Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Farmers or the other Released Parties as evidence or an admission: (a) of the truth of any fact alleged by Class Plaintiffs in the Class Lawsuit; (b) of the validity of any claim that had been or could have been asserted in the Class Lawsuit or in any litigation; (c) of any liability, negligence, fault, or wrongdoing of Farmers and the Released Parties; or (d) that this Class Lawsuit or any other action may be properly certified as a class action for litigation, non-settlement purposes.

29. The Court further retains jurisdiction over this Class Lawsuit to consider all further matters arising out of or connected with the Settlement, including enforcement of the release provided for in the Settlement.

30. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

31. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Last day for Farmers to provide the Settlement Class List to the Settlement Administrator | 7 days after entry of Preliminary Approval Order |
| Notice Date | 45 days after entry of the Preliminary Approval Order |
| Last day for: (a) Class Plaintiffs to file motion for final approval of the Settlement; and (b) Class Counsel to file their application for attorneys' fees, expenses and service awards | 15 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Objection Deadline | 60 days after Notice Date |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Class Counsel's application for attorneys' fees, expenses and service awards | 14 days before Fairness Hearing |
| Fairness Hearing | May 22, 2020, 9:30 a.m. |

IT IS SO ORDERED.

Signed this 16th day of December, 2019

_____
THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE