**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2020 MAY 22  AM 11: 25

CLERK [illegible] COURT
WESTERN DISTRICT [illegible]
BY_____
DEPUTY

| | |
|---|---|
| CHARLES GRIGSON, LISA HOING, and DAVID KELLY, Individually and on behalf of all putative class members, §§§§ | |
| Plaintiffs, §§ | |
| v. § | Civil Action No. 1:17-cv-00088-LY |
| FARMERS GROUP, INC., a Nevada corporation, §§§§ | |
| Defendant. §§ | |

**ORDER AND FINAL JUDGMENT
GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
GRANTING ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

WHEREAS, this matter came before the Court on the Class Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"; Dkt. 188) and Unopposed Motion for Award of Attorneys' Fees and Expenses and for Service Awards ("Fee Motion"; Dkt. 189) (together, the "Motions"), filed in the above-styled case (the "Class Lawsuit");

WHEREAS, the Court has received and reviewed the Motions and all supporting documents, and has reviewed the Settlement Agreement entered into between the Parties, which is on file at Dkt. 174-1, Ex. 1 (the "Settlement");

WHEREAS, on December 16, 2019, the Court entered its order: preliminarily approving the Settlement; approving the proposed Notice Plan (including the form and content of the Class Notice and the methods for disseminating the Class Notice); directing the Settlement Administrator and the Parties to implement the Notice Plan; and setting a date and time for a Fairness Hearing to consider whether the Settlement should be finally approved by the Court

pursuant to Rule 23 of the Federal Rules of Civil Procedure as fair, reasonable, and adequate ("Preliminary Approval Order"; Dkt. 178);

WHEREAS, consistent with the terms of the proposed Notice Plan, the Preliminary Approval Order directed that Settlement Class Members be given notice of the Settlement and of the date for the Fairness Hearing;

WHEREAS, due to the Coronavirus pandemic and its impact on Court operations, the Fairness Hearing was held remotely using both ZOOM and a dial-in telephone number, and the Settlement Class was given due and adequate notice of same and about how to attend the Fairness Hearing via ZOOM or telephone—including via an ECF Notice (Dkt. 204), through updates by the Settlement Administrator to the Settlement Website which Settlement Class Members were instructed to check for updates, and via mail/email correspondence provided to each of the 11 Settlement Class Members who submitted objections (whether or not they expressed an intention in their objection to attend or speak at the Fairness Hearing);

WHEREAS, the Court has received the declaration and supplemental declaration of Joel Botzet, Rust Consulting, Inc. (Dkt. 188-7, 201-1), attesting to the implementation of the Notice Plan in substantial accordance with the Preliminary Approval Order and the Settlement;

WHEREAS, the Court conducted a Fairness Hearing on May 22, 2020;

NOW, after review and consideration of the Settlement, the Motions, all supporting papers filed with the Court and the exhibits appended thereto, all timely filed comments and objections to the Settlement and/or to the fee motion, and all arguments presented at the Fairness Hearing and otherwise in connection with the Motions, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court, for purposes of this Order and Final Judgment, adopts all defined terms as set forth in the Settlement, and all terms defined therein shall have the same meaning in this Order and Final Judgment as set forth therein. The Settlement is incorporated herein by reference.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d), and has personal jurisdiction over the Parties. Venue is proper in this District.

3.      In accordance with Rule 23 and the requirements of due process, the Court hereby finds that all Settlement Class Members have been given proper and adequate notice of the Settlement. The Class Notice was disseminated to the Settlement Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Class Notice was filed with the Court, and full opportunity to be heard has been offered to all Settlement Class Members. Based upon the evidence submitted by the Parties, the Settlement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice Plan implemented pursuant to the Settlement and the Court's Preliminary Approval Order: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Class Lawsuit, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

4.      The Court hereby finds that all Settlement Class Members and all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting an Exclusion Request in conformance with the terms

of the Settlement and this Court's Preliminary Approval Order. All persons who submitted timely and valid Exclusion Requests are not bound by this Order and Final Judgment. All other persons who fall within the definition of the Settlement Class are Settlement Class Members and part of the Settlement Class, and shall be bound by this Order and Final Judgment and the Settlement.

5.     The Court hereby finds that the Settlement of this Action warrants final approval pursuant to Rule 23(e)(2) because the Court finds that the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after carefully considering and weighing the relevant considerations. First, the Court finds that the Class Plaintiffs and Class Counsel have adequately represented the Settlement Class. The Class Plaintiffs and Class Counsel have vigorously litigated this case for approximately three years. Second, the proposed Settlement was reached as a result of intensive, non-collusive, and arms-length negotiations in a long series of mediations conducted by Hon. Deborah Hankinson (Ret.), formerly a Justice on the Supreme Court of Texas. Third, the Court finds that the relief proposed to be provided for the Settlement Class—forty million dollars ($40,000,000.00) in direct payments to the Settlement Class Members—is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, which, under the Settlement, will occur via automatic distribution (automatic account credits and mailed checks) without the need for Settlement Class Members to submit claims; and (iii) the terms of the requested award of attorneys' fees and costs, which, under the Settlement, are not to be paid out of the same funds to be distributed to Settlement Class Members. Fourth, the Court finds that the proposed Settlement treats Settlement Class Members equitably relative to each other. Under the Settlement, the payment amount for each policy in the Settlement Class will be proportionate to the FA2 premiums paid for that policy between January 4, 2016 and October 18, 2019, an allocation that is equitable and appropriately tailored to the alleged conduct and alleged harm in the case. Additionally, the Court finds that the following considerations also support the Court's final

approval of the Settlement: (a) the complexity and likely duration of the litigation and the probability of Plaintiffs' success on the merits, if not settled, on the novel unfair discrimination claim under the Texas Insurance Code that was pled in this case; (b) the stage of the proceedings, including vigorously contested and thoroughly briefed motions to dismiss and for class certification, and the amount of discovery completed, which has been extensive; (c) the range of possible recovery—estimated potential class damages are approximately $150 million; the $40 million in settlement payments to Settlement Class Members represents about 26.7% of that amount; and (d) the opinions of Class Counsel and the Class Plaintiffs, who support final approval of the Settlement, as well as consideration of the opinions expressed by absent class members. *See In re Deepwater Horizon*, 739 F.3d 790, 820 (5th Cir. 2014); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

6. The reaction from the Settlement Class Members to the Settlement was very positive, further supporting granting final approval of the Settlement. The Settlement Class includes approximately 780,000 FA2 policies (some of which have multiple insureds on the policy). Direct notice was sent to the Settlement Class Members. Only 189 persons requested to be excluded from the Settlement Class,[1] and just 11 objections were submitted.[2]

7. The Court has reviewed and carefully considered each of the objections that were submitted, as well as all arguments and opinions expressed at the Fairness Hearing. The Court concludes that none of the objections state a valid basis for denying approval of the Settlement. Moreover, several of the objections are based on misunderstanding the Settlement's terms, misunderstanding the nature and scope of the claim alleged in this case and what the Settlement resolves and does not resolve, and/or fail to account or appropriately account for the significant risks and delay of further litigation in this case. The objections are hereby overruled.

---

[1] Dkt. 201-1, Ex. 1.

[2] Dkt. 201-1, Ex. 2.

8.     Nine of the objectors[3] argue in some fashion that the monetary amount of the settlement and/or settlement payment amounts are too small.  The Court has considered these objections and concludes that they are without a valid basis.  Several of these objections[4] are based on the incorrect belief that all settlement payments will be the same amount, $50.  In fact, as the Settlement and the Class Notice indicated, $50 is only the approximate expected *average* payment amount.  The payment amount for each policy in the Settlement Class will, appropriately, be proportionate to the FA2 premiums paid for that policy between January 4, 2016 and October 18, 2019.[5]  Two objectors[6] assert that the amount of the settlement payments is insufficient as compared to the total premiums they have paid Farmers or do not account for purported "overcharges" over several decades of being a Farmers policyholder.  These objections fundamentally misunderstand the nature of the claim and alleged harm in this case, the time period at issue, and that the damages Plaintiffs sought in this case were limited, at most, to the difference between the FA2 premiums and the corresponding FSPA premiums the class was alleged to have been precluded from beginning in 2016.  Three of the objectors[7] suggest that the Settlement should have provided 100% of the potential damages.  These objectors, and the other objectors who assert that the Settlement amount is not large enough, fail to account or properly account for the significant risks and challenges of continued litigation, which collectively could have resulted in the Settlement Class receiving no recovery at all.  These objectors also fail to account for the substantial delay associated with

---

[3] L. Rigdon, J. Rigdon, Jenkins, Mercer, Quest, Rogmans, M. Woods, Estate of W. Woods, and Rutherford.

[4] L. Rigdon, J. Rigdon, Jenkins, Mercer, and Quest.

[5] Objector M. Woods suggests that all Settlement Class Members' payments should be based on the alleged damages for the Class Plaintiffs, but that objection appears to be based on a misunderstanding of the typicality requirement of Fed. R. Civ. P. 23(a)(3).  Typicality, under Rule 23(a)(3), does not require that the amount of the named plaintiffs' alleged damages be identical to the amount of each absent class member's alleged damages.

[6] Mercer and Quest.

[7] Jenkins, Rutherford, and M. Woods.

further litigation. Moreover, the Court notes that the Settlement amount here was the result of a mediator's proposal that followed extensive mediation efforts. The Court finds that the Settlement amount agreed to appropriately balances the respective risks on both sides. One objector[8] asserts that he should receive the $7,500 the Class Plaintiffs are requesting as service awards, but this objection ignores that the basis for the service awards is the substantial commitment of time and effort that the Class Plaintiffs themselves expended on behalf of the Settlement Class in this case. Two objectors[9] imply that this is a coupon settlement, but that is not the case. Rather, under the Settlement, all Settlement Class Members will be issued payments without any obligation to remain a Farmers policyholder. The use of premium account credits to issue settlement payments to current Farmers customers benefits those Settlement Class Members by automatically providing them with their cash benefit without the need to receive or deposit a check. Four objectors[10] assert that the Settlement permits Farmers to engage in the same alleged misconduct in the future. Not so. In fact, the Class Notice sent to each Settlement Class Member specifically notified them about FSPA, that their premiums might be lower if they switched to FSPA, and further states that: "Current and former FA2 policyholders are eligible to purchase an FSPA policy, subject to underwriting rules. If you are interested in finding out more about FSPA and what your premium would be if you purchased an FSPA policy, please contact your local insurance agent." Thus, the factual basis that led to the filing of this lawsuit (the alleged concealment of FSPA and preclusion of FA2 customers from FSPA) is no longer present. The Court finds that the scope of the Settlement's release is appropriate.

9.      Two objectors complain, respectively, that the Settlement does not address wrongful termination and other employment issues with respect to the Farmers agents (Jenkins), or broader

---

[8] Rogmans

[9] Rogmans and M. Woods.

[10] L. Rigdon, J. Rigdon, Estate of W. Woods, M. Woods, and Rogmans.

problems they perceive with the insurance industry (Rogmans). Objector Estate of W. Woods similarly asserts that there is a conflict between the Farmers agents and other Settlement Class Members. However, this case did not involve any wrongful termination or employment/agency claims on behalf of the agents,[11] nor did it involve any claims about the other insurance issues Objector Rogmans raises. The Settlement does nothing to release any of those claims. These objections are therefore lacking in merit.[12]

10.     The Court hereby reaffirms that, for settlement purposes only and for purposes of judgment on the Settlement, the Settlement Class satisfies the applicable requirements under Rule 23(a) and Rule 23(b)(3). This Class Lawsuit is hereby certified as a class action for settlement purposes only and for purposes of judgment on the Settlement, pursuant to Rule 23(a) and Rule 23(b)(3), on behalf of the Settlement Class, which consists of: All persons insured under an active Farmers Auto 2.0 ("FA2") insurance policy with Farmers Texas County Mutual Insurance Company ("Farmers Texas") in effect on or after January 4, 2016. Excluded from the Settlement Class are: (a) any Judge or Magistrate presiding over this Class Lawsuit, and members of their families; (b) Farmers and affiliated entities and their respective officers and directors; (c) Farmers Texas and affiliated entities and their respective officers and directors; and (d) Farmers' legal representatives, assigns and successors. Also excluded from the Settlement Class are those persons who submitted timely and valid Exclusion Requests. A list of persons who submitted timely and valid Exclusion Requests is on file with this Court at Dkt. 201-1, Ex. 1.

11.     The Court reaffirms its appointment of Class Plaintiffs Charles Grigson, Lisa Hoing, and David Kelly as class representatives to represent the Settlement Class, and reaffirms its appointment of Class Counsel to represent the Settlement Class.

---

[11] Some Farmers agents are Settlement Class Members, but only in their capacity as current or former FA2 policyholders.

[12] Two other Settlement Class Members (Morris and Morales) submitted objections but do not present any actual objection to the Settlement.

12.     The Final Approval Motion is hereby GRANTED, and the Settlement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class.  The Parties and Settlement Administrator are directed to consummate the Settlement in accordance with its terms.

13.     The Court APPROVES the distribution and payment of the Settlement Amount in accordance with the terms of the Settlement.  The Settlement Amount shall be distributed in accordance with the terms of the Settlement, including such provisions regarding residual funds.

14.     The Fee Motion is hereby GRANTED.  The Court APPROVES payment of attorneys' fees and expenses to Class Counsel in the total amount of $12,000,000.00 (which total amount consists of: (a) $11,451,828.48 in attorneys' fees; and (b) $548,171.52 in reimbursement of litigation expenses). Such total amount of $12,000,000.00 shall be paid by Farmers to Class Counsel pursuant to the terms of the Settlement.

15.     In determining attorneys' fees, the Court has evaluated the reasonableness of the fees under the "percentage-of-the-fund" and the "lodestar-multiplier" approach (or a combination of the two). *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012). The Court finds that the amount of attorneys' fees requested by Class Counsel here ($11,451,828.48) is reasonable under either approach.  Under the percentage-of-the-fund approach, the requested fee represents approximately 22.02% of the total $52 million monetary payout agreed to by Farmers, which is within the range awarded in this Circuit in class cases and reasonable in light of the circumstances of the case.  The Court further finds that the number of hours billed by Class Counsel is reasonable and that the lodestar calculation is supported by a range of reasonable billing rates charged in this market by attorneys of similar experience and skill.  Class Counsel's combined submitted lodestar is $5,200,210.75 as of approximately the date of their fee application.  The fee requested represents a multiplier on that figure of approximately 2.20,

which is within the range awarded in this Circuit in complex class cases and reasonable in light of the circumstances of the case.

16.     In determining the issue of attorneys' fees, the Court has specifically considered this Circuit's "*Johnson* factors," and finds that the attorneys' fees requested here are reasonable and appropriate based on an application of those factors—including given, *inter alia*: the substantial time and effort required to prosecute this case effectively; Plaintiffs' claim addressed alleged conduct that had never been the subject of litigation previously, and was premised on a legal theory and an application of the Texas Insurance Code that was previously untested; Class Counsel assumed substantial risks in litigating this challenging case for years on a purely contingency basis; the strong monetary result achieved for the Settlement Class pursuant to the Settlement; the skill required and the experience, reputation, and ability of Class Counsel; the very high quality of the counsel for Defendant in this case; and the overall undesirability of this case, particularly when Class Counsel filed it. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Dell*, 669 F.3d at 642 n.25 (reiterating *Johnson* factors). The Court further notes that, following direct notice to the Settlement Class which identified the amount of attorneys' fees and expenses that would be requested, only one Settlement Class Member objected to such amounts. The lack of substantial objections further supports that the fee requested is reasonable.

17.     With respect to Class Counsel's request for reimbursement of their litigation expenses, the Court finds that the expenses incurred ($548,171.52 ) are reasonable, were incurred for the benefit of the Settlement Class, and should be reimbursed. *See Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 682 (N.D. Tex. 2010); *In re Heartland*, 851 F. Supp. 2d at 1089.

18.     The lone objection to Class Counsel's request for attorneys' fees and expenses,[13] asserts that it is improper for Class Counsel to receive such fees when they did not pay money to Farmers like the Settlement Class Members.  This objection misunderstands the basis for the fee request, fails to provide a valid basis for denying the requested fee, and is hereby overruled.

19.     The Court also APPROVES payment of service awards in the amount of $7,500 each to the three Class Plaintiffs, to compensate them for their effort and commitment on behalf of the Settlement Class.  The Court finds that such amount is in line with service awards granted in other class action cases in this Circuit,[14] and is well justified by the circumstances in this case.  The Class Plaintiffs each had their depositions taken, prepared for their depositions, provided information to Class Counsel, gathered documents, responded to written discovery requests, stayed updated about the litigation, and reviewed and approved the Settlement.  The Court further notes that there were no objections to the requested Class Plaintiff service awards.  The service awards awarded shall be paid by Farmers pursuant to the terms of the Settlement.

20.     The Class Lawsuit is hereby DISMISSED WITH PREJUDICE and without costs to any settling party, other than as specified in the Settlement and this Order and Final Judgment.

21.     In consideration of the Settlement Amount provided under the Settlement, and for other good and valuable consideration set forth in the Settlement, each of the Settlement Class Members and Releasing Parties under the Settlement shall, by operation of this Order and Final Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against all Released Parties in accordance with Section VIII of the Settlement, the terms of which section are

---

[13] Objector Quest.

[14] *See, e.g., Duncan v. JPMorgan Chase Bank, N.A.*, 2016 WL 4419472, at *16 (W.D. Tex. May 24, 2016), report and recommendation adopted, 2016 WL 4411551 (W.D. Tex. June 17, 2016) (granting $10,000 service award and noting that "District courts in the Fifth Circuit routinely award $5,000-$10,000 per named plaintiff" and sometimes much higher).

incorporated herein by reference. All Settlement Class Members and Releasing Parties have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against any Released Party. All Settlement Class Members and Releasing Parties have further acknowledged that FA2 policies will continue to be renewed at rates that may differ from Farmers Smart Plan Auto ("FSPA") policies and that the Release covers any claim premised on different rates between FA2 and FSPA being unfairly discriminatory or unlawful because the policies are materially, substantially or essentially the same or similar, provided the conduct is of the nature and character of the Released Claims.

22.     This Order and Final Judgment is the final judgment in the Class Lawsuit as to all Released Claims.

23.     Without affecting the finality of this Order and Final Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement; (b) distribution of the Settlement Amount, Class Counsel attorneys' fees and expenses, and service awards; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement. The time to appeal from this Order and Final Judgment shall commence upon its entry.

24.     In the event that the Settlement Effective Date does not occur, this Order and Final Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Farmers.

25.     This Order and Final Judgment, the Preliminary Approval Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Farmers and the other

Released Parties as evidence or an admission: (a) of the truth of any fact alleged in the Class Lawsuit; (b) of the validity of any claim that had been or could have been asserted in the Class Lawsuit or in any litigation; (c) of any liability, negligence, fault, or wrongdoing of Farmers and the Released Parties; or (d) that this Class Lawsuit or any other action may be properly certified as a class action for litigation, non-settlement purposes.

26.      The Court finds that there is no just reason for delay and expressly directs this Order and Final Judgment and immediate entry by the Clerk of the Court.

IT IS SO ORDERED.

Signed this _____ day of _____May_____, 20___

_____
THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE